■ SEBASTIAN NOWACK, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [834 NYS2d 858]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 4, 2006, which, to the extent appealed from as limited by the briefs, granted defendant's motion for partial summary judgment to dismiss, on qualified immunity grounds, that branch of the complaint alleging that plaintiff's injurious fall between subway cars was proximately caused by inadequate safety chain devices between the cars, unanimously affirmed, without costs.

The opinion of defendant's expert engineer that, inter alia, the safety chain restraint at issue, as modified over the years, was a rational, efficient and practical design utilized for generations in New York City's narrow, twisting and undulating subway tunnels, an opinion corroborated in part by a 1982 National Transportation Safety Board study as well as by internal Transit Authority correspondence and memoranda included in that study, established defendant's prima facie entitlement to partial summary judgment on this aspect of the

negligence claim. Plaintiff's papers in opposition failed to raise a triable factual issue in support of his argument that the safety chain restraint system evolved without adequate study, or that its design and use lacked a reasonable basis under the circumstances (*see Weiss v Fote*, 7 NY2d 579 [1960]).

We have examined plaintiff's remaining arguments and find them without merit. Concur—Tom, J.P., Andrias, Nardelli, Williams and Buckley, JJ.